# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW TRUMBELL**, **KEVIN AMATO**, **CRAIG MEHR**, and **NICK DAVIS**, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 10923 |
| | ) | |
| **NRRM, LLC**, d/b/a **STOPREPAIRBILLS.COM** and **VEHICLE PROCESSING CENTER**, f/k/a **NATIONAL DEALERS WARRANTY, INC.**, **RUDGE GILMAN**, **NICHOLAS HAMILTON**, **MARK TRAVIS**, and **STEVE PROETZ**, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Four plaintiffs have joined in this putative class action charging several defendants with violation of the Telephone Consumer Protection Act ("Act").  This memorandum order is issued sua sponte because of the possibly problematic nature of this action as to three of those four plaintiffs.

All of the defendants are alleged in Complaint ¶¶ 5 through 9 as being sited in Missouri -- four of the defendants are individuals said to be Missouri citizens, while the sole corporate defendant is alleged to be "a Missouri limited liability company with its principal place of business in St. Peters, Missouri" (Complaint ¶ 5).[1]  On the plaintiffs' side of the "v." sign, one individual is an Illinois citizen while the other three are respectively citizens of Florida, Ohio and

---

[1] Those quoted allegations do not satisfy the states-of-citizenship information that would be needed if this were a diversity case, but here the Complaint involves federal question jurisdiction, so that no additional jurisdictional information is called for in that respect.

Tennessee (see Complaint ¶¶ 1 through 4). That being the case, nothing at all connects those three plaintiffs with the State of Illinois or this Illinois-based District Court, and it is certainly not true as to them that "a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District" as alleged in Complaint ¶ 12, so that venue here is not proper as to those three plaintiffs under 28 U.S.C. § 1391(b)(2).

As the Complaint is structured, there are separate allegations as to all four plaintiffs -- Complaint ¶ 50 through 62 as to Illinois citizen Trumbell, Complaint ¶¶ 68 through 82 as to Florida citizen Kevin Amato, Complaint ¶¶ 88 through 103 as to Ohio citizen Craig Mehr and Complaint ¶¶ 111 through 136 as to Tennessee citizen Nick Davis. Although the course of conduct ascribed to defendants as having impacted each of the four plaintiffs is much the same, it does not appear likely that the provisions of Fed. R. Civ. P. ("Rule") 20(a)(1)(A) cover the permissive joinder of the three plaintiffs, because it is difficult to describe their situations as "arising out of the same transaction, occurrence, or series of transactions or occurrences" about which plaintiff Trumbell complains.

This Court is of course aware that the complaint here is drafted as a proposed Class Action Complaint, so that Rule 23 must be looked at to determine the appropriateness of its treatment in that respect. But it should be noted that the provision of Rule 19(d) that makes that Rule "subject to Rule 23" as to the required joinder of parties does not have a counterpart in Rule 20, which covers the permissive joinder of parties -- and the latter is what is sought here.

This should not be misunderstood as an order dealing with the subject. Instead it is intended to alert plaintiffs' counsel to the potential problem raised here, so that counsel may

address the question at the earliest feasible time.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 8, 2015