**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MATTHEW TRUMBELL, KEVIN AMATO, )
CRAIG MEHR, and NICK DAVIS, individually )
and on behalf of all others similarly situated, )
                                                    )
                   Plaintiffs, )
                                                    )
           v. )   Case No. 15 C 10923
                                                    )
NRRM, LLC, d/b/a STOPREPAIRBILLS.COM )
and VEHICLE PROCESSING CENTER, f/k/a )
NATIONAL DEALERS WARRANTY, INC., )
RUDGE GILMAN, NICHOLAS HAMILTON, )
MARK TRAVIS, and STEVE PROETZ, )
                                                    )
                   Defendants. )

## MEMORANDUM ORDER

This action was voluntarily dismissed on December 15, 2015, presumably based on this Court's brief December 8, 2015 sua sponte memorandum order that had pointed to "the possibly problematic nature of this action as to three of [the] four plaintiffs" -- a concern stemming from the action's questionable invocation of venue as to those plaintiffs. Now, more than a year later, defense counsel have moved to have the now-closed case file sealed in its entirety, asserting a claimed "reputational injury" by reason of defendants having been sued for alleged violations of the Telephone Consumer Protection Act.

Caselaw from our Court of Appeals has consistently rejected such efforts to depart from the principle that federal litigation is open to public view, limiting any exception to that principle to extraordinary circumstances calling for secrecy (see, e.g., <u>Union Oil Co. v. Leavell</u>, 220 F.3d 562, 567-68 (7th Cir. 2000) and a host of cases cited there). Plaintiffs' memorandum in

opposition to the current motion (Dkt. No. 11), and indeed defendants' own motion and their counsel's supporting memorandum, confirm this Court's view that this is not such an extraordinary case.

Among other deficiencies in their motion, here defense counsel offer no contention that the file discloses any trade secret, confidential information, privileged material or any other sensitive and intrinsically private material that could justify a sealed record (see, e.g., GEA Group AG v. Flex-N-Gate Corp., 740 F.3d 411, 419-20 (7th Cir. 2014) and cases cited there). Accordingly defendants' motion (Dkt. No. 8) is denied.

                                                                _____
                                                                Milton I. Shadur
                                                                Senior United States District Judge

Date: March 2, 2017